THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

M. BURTON MARSHALL  
a/k/a BURT MARSHALL,  
a/k/a MILES BURTON MARSHALL,

Case No. 23-60263-PGR  
Chapter 11

Debtor.

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 1104(a) TO APPOINT A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, TO APPOINT AN EXAMINER UNDER 11 U.S.C. § 1104(c)

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 case of M. Burton Marshall a/k/a Burt Marshall a/k/a Miles Burton Marshall (the "Debtor"), by and through its undersigned counsel, hereby submits this joinder (this "Joinder") in support of the motion filed by the Office of the United States Trustee for the Northern District of New York (the "US Trustee"), for entry of an Order under § 1104(a) of title 11 of the United States Code, 11 U.S.C. §§101 *et seq*. (as amended, the "Bankruptcy Code"), directing the appointment of a chapter 11 trustee for the Debtor or, in the alternative, directing the appointment of an examiner under § 1104(c) of the Bankruptcy Code (the "1104 Trustee Motion") [Docket No. 106]. In support of this Joinder, the Committee respectfully represents as follows:

### PRELIMINARY STATEMENT

1. By the 1104 Trustee Motion, the US Trustee seeks the appointment of a trustee pursuant to § 1104(a) of the Bankruptcy Code (a "Chapter 11 Trustee") to replace the Debtor's management, remove the Debtor as a debtor in possession, and take control over the Debtor's

1

16206170.4

business operations.  The US Trustee's primary argument for the appointment of a Chapter 11 Trustee for "cause" pursuant to 1104(a)(1) is that the Debtor, for nearly forty years, conducted a Ponzi-like scheme through which he would convince the local community to invest in his real estate operations for a promised return of 8%, and would pay the 8% interest with funds from new investors.  The US Trustee also contends that at no time during the operations of the Debtor's business did he generate enough money to service the debt without the ability to borrow new money.

2. As set forth in the 1104 Trustee Motion, the US Trustee asserts serious allegations concerning the Debtor's questionable and unorthodox prepetition business practices.  Specifically, based upon the Debtor's testimony during the section 341 meeting of creditors, the US Trustee asserts allegations of fraud that it submits strongly supports the appointment of a Chapter 11 Trustee.  Not surprisingly, the Committee also has serious concerns regarding these allegations and believes the Debtor should not be able to remain in possession of his assets and in control of his business operations in light of the alleged fraud.  Moreover, as a result of the Debtor's inability to adequately explain his prepetition business practices when questioned during the section 341 meeting of creditors, the Committee does not believe that the Debtor is qualified to remain in control of administering the estate and therefore supports the 1104 Trustee Motion.

3. Separately from the Court's ability to appoint a Chapter 11 Trustee for cause under section 1104(a)(1), the appointment may also be ordered if such result is in the best interest of creditors pursuant to section 1104(a)(2) of the Bankruptcy Code.  The Committee independently represents the interests of approximately a thousand unsecured creditors holding more than $90 million of claims in this chapter 11 case, the overwhelming majority of whom are individuals, including friends, neighbors, and family investors who invested their funds with the Debtor based

16206170.4

on a personal relationship with the Debtor. Furthermore, creditors in this case have, through their own letters, pleadings and statements before the Court, expressed their desire for the Debtor's assets to be managed by a third party. In addition, other creditors have explicitly appeared in this case either *pro se* or by counsel to express their support of the US Trustee's 1104 Trustee Motion.

4. The Committee is charged with the duty of maximizing recoveries for all creditors, but here, because of the Debtor's questionable business practices and current financial situation, the Committee is also charged with investigating such business practices with the goal of recovering additional funds for the benefit of creditors. Although the Committee understands that the removal of the Debtor as a debtor in possession and the resulting appointment of a Chapter 11 Trustee may increase costs to the estate and cause disruption to the administration of the Debtor's case, the Committee nevertheless believes that, on balance, the appointment of a Chapter 11 Trustee pursuant to section 1104 of the Bankruptcy Code is warranted.

5. Accordingly, the Committee respectfully submits that the appointment of a Chapter 11 Trustee who will act as a neutral third-party fiduciary is in the best interests of the creditors.

## BACKGROUND

6. On April 20, 2023 (the "Petition Date"), the Debtor commenced this chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Additional information regarding the Debtor's businesses and the events leading up to the Petition Date can be found in the Declaration of M. Burton Marshall Pursuant to Local Bankruptcy Rule 2015-2 [Docket No. 7].

16206170.4

8. On May 9, 2023, US Trustee formed the Committee in this chapter 11 case [Docket No. 52], appointing the following parties as members of the Committee: (i) Mark Brennan; (ii) East Schuyler Cemetery; (iii) Kevin Fuller; (iv) Cheryl A. Hallam; (v) Robyn G. Lamb; (vi) Kevin Sharpe; and (vii) Charles J. Wharton.

## JURISDICTION

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

11. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## APPOINTMENT OF A CHAPTER 11 TRUSTEE IS WARRANTED

12. The 1104 Trustee Motion contains extensive background facts intended to establish that "cause" exists under section 1104(a) of the Bankruptcy Code to appoint a Chapter 11 Trustee.

13. Section 1104(a) of the Bankruptcy Code provides that at the request of a party in interest, and after notice and a hearing, the court shall appoint a trustee:

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

**A.    A Chapter 11 Trustee May be Appointed for Cause.**

14. The US Trustee argues in the 1104 Trustee Motion that a Chapter 11 Trustee should be appointed for cause because, among other reasons, "the Debtor admitted, under oath, that, for

4

over thirty years, he borrowed millions of dollars, promising a return of 8%, only to use the newly borrowed funds to service existing debts and to finance his personal expenses." *See* 1104 Trustee Motion at page 1. The 1104 Trustee Motion further provides that a finding of fraud is amply supported by the record because the Debtor admits in his declaration pursuant to Local Bankruptcy Rule 2015-2 that, for over thirty years, he financed his businesses with personal borrowings pursuant to unsecured, thirty-day demand notes. *See* 1104 Trustee Motion at page 6.

15. Courts consider the appointment or election of a Chapter 11 Trustee to be an "extraordinary remedy." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 577 (3d Cir. 2003). Consistent with this view, there is the "strong presumption" that debtors-in-possession should be afforded a fair opportunity to reorganize. This presumption is based on the general assumption that the debtor-in-possession is better suited to control the business and manage the reorganization process for the benefit of creditors and the estate. S*ee In re Marvel Entm't Grp.*, 140 F.3d 463, 471 (3d Cir. 1998) (citing *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 524 (Bankr. E.D.N.Y. 1989)).

16. Here, the US Trustee argues that "cause" exists by relying on the Debtor's own admissions of fraudulent business practices, and such admissions appear to clearly demonstrate the Debtor's fraudulent scheme. Therefore, the Committee submits that the "strong presumption" requirement is satisfied and that the 1104 Trustee Motion may be granted for cause under section 1104(a)(1).

B.    **The Appointment of a Trustee is in the Best Interest of Creditors.**

17. The Committee further submits that the appointment of a Chapter 11 Trustee would be in the best interest of the creditors pursuant to section 1104(a)(2) of the Bankruptcy Code. While section 1104(a)(1) requires a showing of "cause" through a showing of fraud, dishonesty,

5

incompetence, or gross mismanagement, section 1104(a)(2) does not require any showing of wrongdoing on the part of the debtor. *In re China Fishery Grp. Ltd. (Cayman)*, Case No. 16-11895 (JLG), 2016 WL 6875903, at *14 (Bankr. S.D.N.Y. Oct. 28, 2016) ("There are no hard and fast rules governing the application of [section 1104(a)(2)] except that unlike under subsection (a)(1), 'it is not necessary to find fault on the part of the debtor' to appoint a Chapter 11 trustee pursuant to subsection (a)(2).") (internal citation omitted).

18.  If cause does not exist, a court may appoint a Chapter 11 Trustee if doing so is in the interests of creditors, equity security holders, and other interests of the estate, commonly referred to as the "best interests" test. 11 U.S.C. § 1104(a)(2). In making this determination, courts consider a number a factors, including: "(i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects of the debtor's rehabilitation; (iii) the confidence—or lack thereof—of the business community and of the creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of appointment." *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007) (quoting *In re Ionosphere*, 113 B.R. at 168) (internal citations omitted).  Here, the Committee strongly believes that, when all relevant factors are considered, the appointment of a Chapter 11 Trustee is in the best interest of creditors.  The Debtor may argue that an evidentiary hearing is required prior to the Court's determination, but the Committee respectfully submits that a Chapter 11 Trustee may be appointed in the Court's discretion because such appointment is in the best interest of creditors based on the extraordinary circumstances set forth herein and in the 1104 Trustee Motion without any further findings.

19.  The best interests test to analyze the appointment of a trustee pursuant to section 1104(a)(2) of the Bankruptcy Code provides the Court with broad discretion to appoint a Chapter

6

16206170.4

11 Trustee when such appointment would be in the best interests of creditors, without any showing of fraud, mismanagement, or other finding of fault or cause, although those factors may also be considered under the best interests test. The discretionary nature of this test "involves to some extent weighing equities." *In re Marvel Entm't Grp.*, 140 F.3d 463, 471 (3d Cir. 1998). As stated above, the balance of interests here weighs in favor of appointing a trustee.

20. Moreover, the Committee recognizes that the appointment of a Chapter 11 Trustee may result in the incurrence of additional administrative costs to the estate and may cause some delay in the administration of this estate. However, based on the serious allegations concerning the Debtor's prepetition business practices, the Committee believes that the risk of future mismanagement far outweighs the potential for increased costs and delays that may be associated with the appointment of a Chapter 11 Trustee. *See In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 904-05 (Bankr. M.D. Fla. 2008) ("The court may order appointment [of a Chapter 11 Trustee] only if the protection afforded by a trustee is needed and expenses of a trustee would not be disproportionately higher than the value of the protection afforded.") (citing House Report No. 95-595, 95th Cong., 1st Sess. (1977), U.S. Code Cong. & Admin. News 1978, at 5963, 6358) (emphasis added). Here, despite additional costs and potential delay, the Committee has lost all confidence in the Debtor and believes that the interests of the chapter 11 estate would be best served with the appointment of a Chapter 11 Trustee.

21. Therefore, given the Debtor's questionable business practices, as set forth above, and to serve the best interest of all creditors, the Committee respectfully requests that the Court use its discretion to grant the 1104 Trustee Motion without further hearing and appoint a Chapter 11 Trustee in this case.

7

16206170.4

**WHEREFORE**, the Committee respectfully requests that the Court issue an order granting the 1104 Trustee Motion filed by the US Trustee, directing the US Trustee to appoint a Chapter 11 Trustee, and granting such other and further relief as the Court deems just and proper.

Dated: July 18, 2023
      Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By: /s/ Stephen A. Donato
    Stephen A. Donato (Bar Roll No. 101522)
    Sara C. Temes. (Bar Roll No. 514148)
    Justin S. Krell (Bar Roll No. 704364)
    Andrew S. Rivera (Bar Roll No. 700712)
    Office and Post Office Address:
    One Lincoln Center
    Syracuse, New York 13202
    Tel: (315) 218-8000
    Fax: (315) 218-8100
    Email: sdonato@bsk.com
           stemes@bsk.com
           jkrell@bsk.com
           arivera@bsk.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*