So Ordered.

Signed this 15 day of September, 2023.



_____
Patrick G. Radel
United States Bankruptcy Judge

THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

| | |
|---|---|
| M. BURTON MARSHALL<br>a/k/a BURT MARSHALL,<br>a/k/a MILES BURTON MARSHALL, | Case No. 23-60263-PGR<br>Chapter 11 |
| Debtor. | |

**ORDER DIRECTING PRODUCTION AND TURNOVER**

**OF DOCUMENTS BY AND EXAMINATION OF BERKSHIRE BANK**

**BY AN OFFICER, DIRECTOR OR MANAGING AGENT**

<u>**WITH KNOWLEDGE OF THE DEBTOR'S FINANCIAL AFFAIRS**</u>

Upon the application (the "<u>Application</u>") <u>at Docket No. 164</u> of The Official   PGR Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 case of M. Burton Marshall a/k/a Burt Marshall a/k/a Miles Burton Marshall (the "<u>Debtor</u>"), by and through its undersigned counsel, seeking the entry of an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§101 et seq. (as amended, the "<u>Bankruptcy Code</u>") and Rule 2004 of

16309657.1
16309657.3

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and directing the production and turnover of documents books, records, communications and account statements by and examination of Berkshire Bank (the "Witness") by an officer, director or managing agent with knowledge of the financial affairs of the Debtor, as more particularly set forth in the Application and this Order; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Witness, by an officer, director or managing agent with knowledge of the financial affairs of the Debtor, is directed to appear for an examination on a date to be determined either (i) in person at the offices of Bond Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, or (ii) by telephonic or video conference, on twenty-five (25) days' written notice and that Bond Schoeneck & King, PLLC is authorized to issue a subpoena, substantially in the form as attached to the Application as *Exhibit B* (the "Subpoena"), and that this Order and document production request shall accompany the service of the Subpoena upon the Witness.

3. The Witness is directed to produce and turnover the following documents related to the Debtor's bank accounts (the "Accounts") and each and every bank account, brokerage account, pension account, and/or other financial account owned, held, established, maintained, or funded by or for the Debtor, employees, attorneys, agents or representatives, or

any entity, sole-proprietorship or business enterprise related to, owned by, or controlled by the Debtor including, but not limited to, M. Burton Marshall, Miles B. Marshall, Inc., M&M Press, Marshall Moving, Marshall Storage, Marshall Maintenance, and Marshall Rentals (collectively, the "Related Entities" and each a "Related Entity"), maintained by the Witness or any affiliate of the Witness at any branch or other location in the United States and/or any foreign country, that are listed on *Schedule A* as attached to this Order, for examination and inspection at the offices of Bond Schoeneck & King, PLLC, within twenty (20) days of service of the Subpoena:

    a. copies of any and all monthly bank statements, credit card statements, canceled checks, returned checks, deposits, withdrawal requests, wire transfer authorizations and/or confirmations containing details of the transferee and transferor information (and all corresponding supporting documents), automated clearing house (ACH) authorizations and/or confirmations containing details of the transferee and transferor information (and all corresponding supporting documents), receipts, debit memos, and all other deposit and withdrawal information, including copies of checks that were deposited and any other withdrawals relating to the Account and each and every bank account, brokerage account, pension account, individual retirement account, and/or other financial account owned, held, established, maintained, or funded by or for the Debtor, employees, attorneys, agents or representatives, or any entity, sole-proprietorship or business enterprise related to, owned by, or controlled by the Debtor including, but not limited to, M. Burton Marshall, Miles B.

16309657.3　　　　　　　　　　　　　13

    Marshall, Inc., M&M Press, Marshall Moving, Marshall Storage, Marshall Maintenance, and Marshall Rentals (collectively, the "Related Entities" and each a "Related Entity"), maintained by the Witness or any affiliate of the Witness at any branch or other location in the United States and/or any foreign country for the period from April 20, 2017 to the present;

b. copies of any and all documents, correspondence, or communications of any kind, including but not limited to, notes, memoranda, e-mails, and correspondence regarding the Accounts and/or the transfer of funds into and/or out of the Accounts and each and every other bank accounts, brokerage accounts, pension accounts, individual retirement accounts, and/or other financial accounts owned, held, established, maintained, or funded by or for the Debtor or the Related Entities maintained by the Witness or any affiliate of the Witness at any branch or other location in the United States and/or any foreign country for the period from April 20, 2017 to the present;

c. copies of any and all account opening documents, including account and customer agreements, signature cards and resolutions for the Accounts and each and every other bank accounts, brokerage accounts, pension accounts, individual retirement accounts, and/or other financial accounts owned, held, established, maintained, or funded by or for the Debtor or the Related Entities maintained by the Witness or any affiliate of the Witness at any branch or other location

      in the United States and/or any foreign country, for the period from April 20, 2017 to the present;

d. copies of any and all agreements, documents, correspondence, or communications of any kind, including but not limited to, notes, memoranda, e-mails, and correspondence regarding: (i) any regulatory or law enforcement requests, reviews or investigations, and any specific findings related thereto; (ii) all debts, loans, liabilities, overdrafts, lines of credit, letters of credit, loan agreements, security agreements, guaranty agreements, pledge agreements, hypothecation agreements; and (iii) any and all other indebtedness or evidence of indebtedness of any kind owned, held, established, maintained, or funded by or for the Debtor or the Related Entities maintained by the Witness or any affiliate of the Witness at any branch or other location in the United States and/or any foreign country, for the period from April 20, 2017 to the present;

e. copies of any and all documents regarding any communication, including email, letter, or notes regarding verbal conversations with other banking of financial institutions regarding any previous due diligence requests made on behalf of Debtor or Related Entities; and

f. to the extent the Witness does not maintain actual or constructive control over any of the documents requested above, but has knowledge as to the current or previous location of any of those documents relating to the Accounts and each and every other bank accounts, brokerage accounts,

pension accounts, individual retirement accounts, and/or other financial accounts owned, held, established, or funded by or for the Debtor or the Related Entities, a statement setting forth the documents and location of same.

4. The Committee's rights are reserved to request other appropriate relief, including additional examinations and/or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained pursuant to this Order.

5. This Court retains jurisdiction to resolve all matters arising under or related to this Order, as wells as to interpret, implement, and enforce the provisions of this Order.

6. Service of a copy of this Order and Subpoena, by overnight delivery upon the Witness, with an address of Berkshire Bank, 24 North Street, Pittsfield, MA 01201, Attention: Legal Department, shall be deemed good and sufficient service.

7. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Committee is hereby authorized and approved to do such things, executed such documents, and expend such funds as may be necessary and consistent with this Order.

# # #

## **SCHEDULE A**

| Account Name | Account Number |
|---|---|
| M. Burton Marshall | X2301 |
| M. Burton Marshall d/b/a M&M Press | X8128 |
| M. Burton Marshall d/b/a Marshall Tax Service | X0522 |
| M. Burton Marshall d/b/a Marshall Moving | X1246 |
| M. Burton Marshall d/b/a Marshall Storage | X8136 |
| M. Burton Marshall d/b/a Marshall Maintenance | X2218 |
| M. Burton Marshall d/b/a Marshall Rentals | X8400 |
| Rental Security Deposits | n/a |
| Storage Units Security Deposits | X2301 |