**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In re:

M. BURTON MARSHALL,
a/k/a BURT MARSHALL,
a/k/a MILES BURTON MARSHALL, *et al.*,

                           Debtors.

Case No. 23-60263-PGR
Chapter 11 (Main case)
Case No. 23-60723-PGR
(Jointly Administered)

---

### STIPULATION AND ORDER PROVIDING FOR THE ALLOWANCE AND PAYMENT OF THE DEBTOR'S EXEMPTION RELATING TO THE M&M PRESS EQUIPMENT

In this stipulation (the "Stipulation") (A) Fred Stevens (the "Trustee"), Chapter 11 trustee of the estate (the "Bankruptcy Estate") of M. Burton Marshall a/k/a Burt Marshall a/k/a Miles Burton Marshall (the "Debtor") and (B) the Debtor (parties to the Stipulation are collectively referred to herein as the "Parties," each a "Party"), have agreed to resolve certain issues regarding the Debtor's Claimed Exemption (as defined below) in the M&M Press Equipment, as follows:

## RECITALS

A. On April 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court").

B. On May 9, 2023, William K. Harrington, United States Trustee for Region 2 (the "UST") formed the Official Committee of Unsecured Creditors (the "Committee") and filed a notice appointing Mark Brennan, East Schuyler Cemetery, Kevin Fuller, Cheryl A. Hallam, Robyn G. Lamb, Kevin Sharpe, and Charles J. Wharton as members of the Committee [Dkt. No. 52].

C. Upon the motion of the UST, the Bankruptcy Court entered a decision and order on September 20, 2023, directing the appointment of a Chapter 11 trustee [Dkt. No. 221], and on September 21, 2023, the Bankruptcy Court signed an order approving the UST's appointment of the Trustee [Dkt. No. 225].

D. The Debtor is the owner of a certain printing business known as "M&M Press" (the "Business") located at 37 Milford St., Hamilton, New York 13346, which has been managed by his son, Matthew B. Marshall, since in or around 2015.

E. On Schedule A/B, the Debtor listed "M&M Press Equipment" with a value of $35,000 and claimed an exemption in the M&M Press Equipment under N.Y. C.P.L.R. § 5205(a)(7) up to the maximum allowed amount (the "Claimed Exemption").

F. Since September 21, 2023, the Trustee has been in control of the Debtor's assets, including the Business, and has the exclusive right to operate, sell, use, or dispose of such property.

G. On or about October 12, 2023, the Trustee entered into a certain Asset Purchase Agreement of Sale, pursuant to which, among other things and subject to Bankruptcy Court approval, he agreed to sell the assets of the Business, including the customer list, good will,

telephone numbers, inventory and equipment, to The Ad Group Agency, Inc. for $20,000 (the "Proposed Sale"). There was no allocation of the Business assets included in the purchase price.

H.  On October 13, 2023, the Trustee filed a motion seeking approval of certain procedures for the sale of de minimis assets (the "Procedures Motion") [Dkt. No. 246].

I.  On October 26, 2023, the Trustee file a notice of sale transaction (the "Sale Notice") in connection with the Proposed Sale in accordance with the procedures set forth in the Procedures Motion [Dkt. No. 260].

J.  On November 14, 2023, the Bankruptcy Court entered an Order approving the Procedures Motion [Dtk. No. 284], which, among other things, approved the Proposed Sale provided that no objections were received to the Sale Notice.

K.  No objections were received to the Sale Notice and the Proposed Sale closed on November 14, 2023.

L.  The Trustee has raised certain issued with the Claimed Exemption and the Parties have engaged in good faith discussions to resolve the issues pursuant to the terms of the Stipulation set forth below:

**STIPULATION**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.  Incorporation of Recitals. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2. <u>Bankruptcy Court Approval Required</u>. This Stipulation between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of this Stipulation "So Ordered" by the Bankruptcy Court.

3. <u>Allowance and Payment of Debtor's Exemption</u>. The Debtor's Claimed Exemption in the M&M Press Equipment shall be allowed in the amount of $3,575 (the "<u>Exemption Amount</u>"). The Trustee will remit to the Debtor by check payable to "M. Burton Marshall" the Exemption Amount within five (5) business days of this Stipulation being "So Ordered" by the Bankruptcy Court.

4. <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a Party via electronic transmission shall be deemed an original signature hereto.

5. <u>Bankruptcy Court Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

6. <u>No Waiver</u>. No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

7. <u>No Admissions</u>. No Party shall be deemed to have admitted to any wrongdoing, to any of the allegations set forth in any pleadings filed by the other Parties, or to having any liability to any other Parties, solely by virtue of having entered into this Stipulation.

8.  <u>Representations of Authority</u>. The persons signing below each represents and warrants that he or she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he or she so signs.

9.  <u>Representation by Counsel</u>.  Each Party acknowledges that it had the opportunity to be represented by counsel of its choosing in connection with this Stipulation and the transactions contemplated by this Stipulation, and that it had the full right and opportunity to consult with its respective attorney(s) in connection with this Stipulation.  Accordingly, any rule of law or any legal decision that would provide any Party with a defense to the enforcement of the terms of this Stipulation against such Party based upon lack of legal counsel, shall have no application and is expressly waived.

10. <u>Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth below.

| Dated: | New York, New York<br>November 21, 2023 | Dated: | Syracuse, New York<br>November 21, 2023 |
|---|---|---|---|
| | **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP** | | **BARCLAY DAMON LLP** |
| By: | */s/ Lauren C. Kiss*<br>Fred Stevens<br>Lauren C. Kiss<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Email: fstevens@klestadt.com<br>       lkiss@klestadt.com<br><br>*Counsel to the Trustee* | By: | */s/ Jeffrey A. Dove*<br>Jeffrey A. Dove<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202<br>Tel: (315) 413-7112<br>Email: JDove@barclaydamon.com<br><br>*Counsel to Debtor M. Burton Marshall* |