**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In re:

| | |
|---|---|
| M. BURTON MARSHALL, | Case No. 23-60263-PGR |
| a/k/a BURT MARSHALL, | Chapter 11 (Main case) |
| a/k/a MILES BURTON MARSHALL, *et al.*, | Case No. 23-60723-PGR |
| | (Jointly Administered) |
| Debtors. | |

**STIPULATION BY AND BETWEEN FRED STEVENS, CHAPTER 11 TRUSTEE, THE DEBTOR AND MEGAN MARSHALL, PROVIDING FOR, AMONG OTHER THINGS, (I) THE SALE OF THE ESTATE'S AND MEGAN MARSHALL'S INTEREST IN THE PROPERTY LOCATED AT 20 PAYNE STREET, HAMILTON, NEW YORK AND (II) ALLOWANCE AND PAYMENT OF THE DEBTOR'S HOMESTEAD EXEMPTION**

In this stipulation (the "Stipulation") (A) Fred Stevens (the "Trustee"), Chapter 11 trustee of the estate (the "Bankruptcy Estate") of M. Burton Marshall a/k/a Burt Marshall a/k/a Miles Burton Marshall (the "Debtor"), (B) the Debtor, and (C) Megan Marshall ("Megan," and together with the Debtor, the "Marshalls"), the Debtor's non-debtor spouse (parties to the Stipulation are

collectively referred to herein as the "Parties," each a "Party"), have agreed to resolve certain issues regarding the Debtor's and Megan's jointly-owned real property, as follows:

## RECITALS

A.  On April 20, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court").

B.  On May 9, 2023, William K. Harrington, United States Trustee for Region 2 (the "UST") formed the Official Committee of Unsecured Creditors (the "Committee") and filed a notice appointing Mark Brennan, East Schuyler Cemetery, Kevin Fuller, Cheryl A. Hallam, Robyn G. Lamb, Kevin Sharpe, and Charles J. Wharton as members of the Committee [Dkt. No. 52].

C.  Upon the motion of the UST, the Bankruptcy Court entered a decision and order on September 20, 2023, directing the appointment of a Chapter 11 trustee [Dkt. No. 221], and on September 21, 2023, the Bankruptcy Court signed an order approving the UST's appointment of the Trustee [Dkt. No. 225].

D.  The Debtor and Megan own their current residence at 20 Payne Street, Hamilton, New York 13346, Tax Map No. 168.28-1-52 (the "Home") as tenants by the entireties.

E.  The Debtor's interest in the Home is property of the Bankruptcy Estate which is currently under the control of the Trustee.  The Trustee has a duty to maximize the value of the Home, and to ultimately liquidate the Bankruptcy Estate's interest in it for the benefit of the Bankruptcy Estate and the Debtor's creditors.

F.  The Parties have engaged in good faith discussions to resolve the following issues and tensions:  (i) the Trustee's need to liquidate the Home for the benefit of the Bankruptcy Estate and creditors; (ii) Megan's rights to contest any sale of the Home under section 363(h) of the

Bankruptcy Code; and (iii) the protection of Megan's interest in the Home, and the Debtor's claim of an exemption against the Home in the amount of $89,975.00 pursuant to N.Y. C.P.L.R. § 5206 (the "Exemption").

G.    By this Stipulation, the Parties wish to resolve the foregoing issues and tensions according to the terms set forth below:

**STIPULATION**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    Incorporation of Recitals. The foregoing recitals are hereby incorporated herein by reference and are expressly acknowledged and agreed to by the Parties.

2.    Bankruptcy Court Approval Required. This Stipulation between the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of this Stipulation "So Ordered" by the Bankruptcy Court (an "Approval Order"), and such Approval Order becoming a final and non-appealable order (a "Final Order").

3.    Sale of the Home.  Upon entry into this Stipulation, the Trustee shall be entitled to list the Home for sale, show the Home, and sell the Home subject to Bankruptcy Court approval. Upon receipt of an offer that is acceptable to both the Trustee and Megan, the Trustee will proceed with seeking the Bankruptcy Court's approval of the Sale.  Unless otherwise agreed by the Trustee, the Marshalls shall remove all personal property from the Home and turn it over broom clean to the Trustee by no later than December 1, 2024 (the "Removal Deadline").  To the extent that any personal property is left in the Home after the Removal Deadline, the Trustee may remove and sell or discard such remaining personal property in his sole discretion.  The Marshalls shall execute

3

such documents as may be reasonably requested by the Trustee and shall cooperate with the Trustee's efforts to market, show, and sell the Home, including obtaining Bankruptcy Court approval of the sale. The Marshalls will timely pay all property taxes, utility charges, mortgage payments, and other carrying costs that come due on the Home prior to the Removal Deadline (the "Carrying Costs"). The net proceeds of the sale of the Home that would otherwise be due to the Marshalls will be received in its entirety by the Trustee subject to the requirements of this Stipulation.

4.  **Allowance and Payment of Debtor's Exemption.** The Debtor's Exemption in the Home shall be allowed in the amount of $89,975.00, less one-half of any property taxes, utility usage charges, or other charges that came due prior to the Removal Deadline that had to be paid from the proceeds of sale at the closing on the Home (the "Exemption Amount"). The Trustee will remit to the Debtor by check payable to "M. Burton Marshall" the Exemption Amount within five (5) business days from when the net proceeds of the sale of the Home clear the Bankruptcy Estate's bank account.

5.  **Determination of Megan's Entitlement to Home Sale Proceeds.** The amount of Megan's share of the net proceeds from the sale of the Home (the "Megan Proceeds") shall be calculated as follows:

|  |  |
|---|---|
|  | One-Half of the Net Proceeds of Sale of Home Received by the Trustee |
| Plus (+) | One-Half of the Agreed Reduction in the Principal Balance of the Mortgage Against the Home after the Petition Date |
| Less (−) | any Carrying Costs Incurred Prior to the Removal Deadline that the Marshalls Failed to Pay |
|  | **Megan Proceeds** |

The Trustee will remit to Megan by check payable to "Megan Marshall" the Megan Proceeds within five (5) business days from when the net proceeds of the sale of the Home clear the Bankruptcy Estate's bank account.

6. <u>Rights Inure to Benefit of Future Estate Representative</u>.  Any and all rights granted to the Trustee herein shall inure to the benefit of any other representative of the Debtor's estate including any replacement or successor chapter 11 trustee, any chapter 7 trustee, or any plan administrator, post-confirmation trustee, or other representative appointed pursuant to the terms of any confirmed plan in the Debtor's case.  It is anticipated that the Trustee will be replaced by a Plan Administrator pursuant to the terms of the Joint Plan of Liquidation (the "<u>Plan</u>") confirmed in the Debtor's case by order dated July 22, 2024 [Dkt. No. 436], while this Stipulation is outstanding.  Each and every reference to the Trustee shall be read as a reference to the Plan Administrator following the effective date of the Plan.  Likewise, the rights granted to the Marshalls herein shall apply in full force and effect when the Trustee is subsequently replaced by the Plan Administrator or any other person with similar rights and powers prior to the Parties' fulfillment of all terms of this Stipulation.

7. <u>Reservation of Rights</u>.  This Stipulation is without prejudice to the rights of the Parties and any other parties in interest in the Debtor's bankruptcy case to any rights, claims, or interest that are not specifically and expressly addressed by this Stipulation.

8. <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a Party via electronic transmission shall be deemed an original signature hereto.

9. <u>Bankruptcy Court Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.

10. <u>No Waiver</u>. No failure or delay by any Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

11. <u>No Admissions</u>. No Party shall be deemed to have admitted to any wrongdoing, to any of the allegations set forth in any pleadings filed by the other Parties, or to having any liability to any other Parties, solely by virtue of having entered into this Stipulation.

12. <u>Representations of Authority</u>. The persons signing below each represents and warrants that he or she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he or she so signs.

13. <u>Representation by Counsel</u>.  Each Party acknowledges that it had the opportunity to be represented by counsel of its choosing in connection with this Stipulation and the transactions contemplated by this Stipulation, and that it had the full right and opportunity to consult with its respective attorney(s) in connection with this Stipulation.  Accordingly, any rule of law or any legal decision that would provide any Party with a defense to the enforcement of the terms of this Stipulation against such Party based upon lack of legal counsel, shall have no application and is expressly waived.

14. <u>Costs</u>. Each Party to this Stipulation shall bear its own attorneys' fees and costs.

*[Signatures on next page]*

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth below.

| | |
|---|---|
| Dated: New York, New York<br>August 8, 2024 | Dated: New York, New York<br>August 8, 2024 |
| | **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP** |
| By: */s/ Fred Stevens*<br>Fred Stevens, as Chapter 11 Trustee of the Estate of M. Burton Marshall | By: */s/ Lauren C. Kiss*<br>Fred Stevens<br>Lauren C. Kiss<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Email: fstevens@klestadt.com<br>lkiss@klestadt.com<br><br>*Counsel to the Trustee* |
| Dated: Hamilton, New York<br>August 7, 2024 | Dated: Syracuse, New York<br>August 13, 2024 |
| | **BARCLAY DAMON LLP** |
| By: */s/ M. Burton Marshall*<br>M. Burton Marshall | By: */s/ Jeffrey A. Dove*<br>Jeffrey A. Dove<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202<br>Tel: (315) 413-7112<br>Email: JDove@barclaydamon.com<br><br>*Counsel to Debtor M. Burton Marshall* |

| | |
|---|---|
| Dated:  Hamilton, New York<br>August 7, 2024 | Dated:  Syracuse, New York<br>August 11, 2024 |
| | **HARRIS BEACH PLLC** |
| By:  */s/ Megan Marshall*<br>Megan Marshall | By:  */s/ Lee. E. Woodard*<br>Lee E. Woodard<br>Brian D. Roy<br>333 West Washington Street, Suite 200<br>Syracuse, New York 13202<br>Tel: (315) 423-7100<br>Email: lwoodard@harrisbeach.com<br>       broy@harrisbeach.com<br><br>*Counsel to Megan Marshall* |